UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALKIMA WILLIAMSON | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2540 |
| FIRST HORIZON BANK | * | SECTION "N" (2) |

## **ORDER AND REASONS**

Before me is Defendant First Horizon Bank's Motion to Compel.  ECF No. 12.  Plaintiff Alkima Williamson timely filed an Opposition Memorandum, and Defendant filed a Reply Memorandum.  ECF Nos. 15, 17.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, submissions and arguments of counsel, and the applicable law, Defendant's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    **BACKGROUND**

Plaintiff Alkima Williamson worked as a Universal Banker for First Horizon Bank from October 11, 2022, until she resigned on January 5, 2024.  ECF No. 1 ¶¶ 8, 17.  Plaintiff filed this § 1981 suit on December 22, 2025, against First Horizon Bank alleging race discrimination, hostile work environment, retaliation, wrongful and constructive termination, and post-termination retaliation and interference with future contractual rights.  *Id.* ¶¶ 26-45. The Court issued a Scheduling Order on February 3, 2026.  ECF No. 8.  This Scheduling Order established a trial date of October 26, 2026, and a discovery deadline of September 15, 2026.  ECF No. 8 at 1, 3.

Defendant issued discovery requests on March 2, 2026. ECF No. 12-2 at 3-27.  Despite several extensions, Plaintiff failed to respond by the agreed dates and this motion followed.  ECF No. 12-1 at 2-3.  In Opposition, Plaintiff's counsel fails to explain why responses were not

1

delivered by the last April 27, 2026, deadline as promised, but states that the sudden departure of the associate handling the case resulted in the delay. ECF No. 15 at 1-2. Plaintiff served the discovery responses on May 19, 2026. *Id.* at 2. Plaintiff argues good faith and asserts that sanctions are not appropriate in light of the associate's sudden departure and need to engage new counsel. *Id.* at 2-5. Plaintiff also argues that the pre-hearing delivery of responses renders the motion moot. *Id.* at 5. In Reply, Defendant argues Plaintiff waived her objections by failing to timely respond, objected based on privilege but failed to provide a privilege log, and responded by indicating that responses would be provided in the future. ECF No. 17 at 1-5.

## II.    APPLICABLE LAW AND ANALYSIS

Under Rule 26,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

### A. Duties in Responding to Discovery

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[1] "Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the

---

[1] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

information sought or of the fact that objection is made to furnishing the information."[2]

Although a party is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[3]  The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[4] Where an interrogatory answer '''as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[5]

Likewise, a party must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered.  FED. R. CIV. P. 34(b)(2)(A).  The responding party must either state whether the production will be provided or state with specificity the grounds for objecting to the request, including the reason.  *Id.* at 34(b)(2)(B).  The production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."  *Id.* at 34(b)(2)(B).[6]  A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control.  *Id.* at 34(a)(1).  And while Rule 26(e) imposes an obligation to supplement

---

[2] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977).

[3] *Lopez*, 327 F.R.D. at 579 (quoting *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2174 (3d ed. 2013))).

[4] *Areizaga*, 314 F.R.D. at 437 (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).

[5] *Id.* (citing *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2177 (3d ed. 2010))).

[6] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

3

responses,[7] that provision does not provide "an extension of the deadline by which a party must deliver" its information.[8] Rather, the purpose of this rule is to prevent prejudice and surprise.[9]

Courts throughout the country have long interpreted the federal rules to prohibit general, boilerplate objections.[10] Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[11] General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[12] A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[13]

When objecting to a discovery request, the objection must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[14] And when a party objects to a request for production, the "objection must state

---

[7] *Berenson v. Adm'rs of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 6372831, at *3 (E.D. La. Dec. 13, 2017); *see also Moore v. BASF Corp.*, No. 11-1001, 2012 WL 12990571, at *2 (E.D. La. May 2, 2012).

[8] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co*., 73 F.3d 546, 571 (5th Cir. 1996); *see also Van Baelen v. Sabine Transp. Co.*, No. 00-2155, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.) (noting that Rule 26(e)'s duty to supplement does not enable a party to circumvent Rule 26(a)'s deadlines or a court's scheduling order).

[9] *Reed v. Iowa Marine & Repair Corp*., 16 F.3d 82, 85 (5th Cir. 1994).

[10] *See Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051*,* at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond." (citation omitted)); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how . . . each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.").

[11] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co*., No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case"). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

[12] *Grider v. Keystone Health Plan Cent., Inc*., 580 F.3d 119, 134 n.16 (3d Cir. 2009).

[13] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (internal quotations omitted)).

[14] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quoting *Reyes v. Red Gold, Inc.*, No. 05-191, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006)).

whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).[15]  Objections interposed without also indicating whether any document or information is being withheld are improper.[16]

Due to Plaintiff's failure to respond timely, despite extensions, Defendant filed this motion to compel and requests costs for filing same.  ECF No. 12.

### B.  Privilege Log

A responding party withholding information based on privilege "must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim."  FED. R. CIV. P. 26(b)(5)(A).  The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[17]  It "should not only identify the date, the author, and all recipients of each document listed therein, but should also 'describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery.'"[18]

Plaintiff has not provided a privilege log concerning any documents over which she asserts privilege.  Rather, she invokes a blanket assertion of work product privilege.  When faced with

---

[15] *accord. Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex.), *objections overruled sub nom.*, *Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[16] *See Chevron*, 2015 WL 269051, at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

[17] *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); and citing *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'" (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)))).

[18] *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. 2008) (emphasis omitted) (quoting *Jones v. Hamilton Cnty. Sheriff's Dep't*, No. 02-808, 2003 WL 21383332, at *4 (S.D. Ind. 2003); and citing *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

either the absence of a privilege log or an inadequate privilege log, the court may: (1) permit the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) conduct an *in camera* inspection of the withheld documents; or (4) conduct an *in camera* inspection of a select sample of the withheld documents.[19]  Most courts take a flexible approach, particularly when there is an insufficient privilege log but no evidence of bad faith, finding waiver only for flagrant or willful failures.[20]  Because there is no indication that Plaintiff has flagrantly or willfully failed to participate in discovery, the Court will permit her to submit a detailed privilege log as to any document she contends is protected from discovery based on the work product doctrine.

C. **Rule 37 Motion and Request for Fees and Costs**

If a party fails to respond timely to a request for production under Rule 34, the party seeking discovery may move to compel production under Rule 37.  FED. R. CIV. P. 37(a)(3)(B)(iv).  Rule 37(a)(5)(A) provides:

> If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

A Rule 37 motion to compel "must include a certification that the movant has in good faith

---

[19] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. 10-684, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (quoting *N.L.R.B. v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307–08 (D.D.C. 2009)).
[20] *Id.* (citing *United States v. Brit. Am. Tobacco (Invs.) Ltd.*, 387 F.3d 884, 890-91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 381-82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* at 37(a)(1).

Rule 37's "[c]onference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[21] The conference requirements are no "empty formality."[22] Indeed, this Court requires certain matters be addressed during the Rule 37 conference, and that the certification reflect these discussions.[23] The failure to engage in a proper meet and confer before filing a motion to compel constitutes sufficient reason in itself to deny the motion.[24]

Plaintiff relies on state law governing discovery to argue that the post-filing delivery of discovery responses moots the motion to compel. ECF No. 15 at 5-6. However, in federal court, the late delivery of discovery responses after the filing of the Motion the Compel does not necessarily render the instant motion moot,[25] as Rule 37(a)(5)(A) explicitly addresses the post-filing delivery of discovery responses. That said, although Defendant provided a Rule 37(A)(1) certification stating counsel "conferred in good faith" on May 6, 2026, counsel fails to provide any

---

[21] *Brown v. Bridges*, No. 12-4947, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015) (internal quotations and citations omitted).

[22] *Riverbend Env't Servs., LLC v. Crum & Forster Specialty Ins. Co.*, No. 22-31, 2023 WL 2563228, *3 (S.D. Miss. Mar. 17, 2023).

[23] *See Motions & Oral Argument*, The Honorable Donna Phillips Currault, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault.

[24] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (citations omitted); *see also McAllister v. McDermott, Inc., No.* 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (citing *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention)).

[25] *Wilkerson v. Safeco Ins. Co. of Am.*, No. 25-834, 2026 WL 360911, at *3 (M.D. La. Feb. 9, 2026) (citing FED. R. CIV. P. 37(a)(5)(A) (mandating award of expenses where the responding party provides the requested discovery after the filing of a motion to compel)).

details regarding the items discussed, as necessary for the Court to ensure a compliant conference occurred.[26]

Although Plaintiff's assertion that the associate's departure on May 1, 2026, resulted in delay, that does not explain the failure to deliver responses by the extended deadline of April 26, 2026. Given Plaintiff's counsel's May 19, 2026, delivery of responses however, albeit insufficient, coupled with the departure of prior counsel, the undersigned finds that other circumstances make an award of expenses unjust.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Motion to Compel (ECF No. 12) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Plaintiff provide full and complete written responses to discovery within 14 days, with any objection specifically identifying the basis for objection and how it ties to the particular request.

IT IS FURTHER ORDERED that Plaintiff deliver a detailed privilege log listing any document withheld based on privilege within 14 days.

Dated this 28th day of May, 2026.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[26] ECF No. 12 at 2.